FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

DEC 2 0 1994

WILLIAM B. GUTHRIE
Clerk, U.S. District Court

By_____
Deputy Clerk

MARY E. FENNELL,       )
                PLAINTIFF,  )
                            )
VS.                         )   CASE NO. CIV-94-048-S
                            )
DONNA E. SHALALA, Secretary )
of Health and Human Services )
                DEFENDANT.   )

## FINDINGS AND RECOMMENDATIONS

SCOPE OF COURT REVIEW - Court review is limited to consideration of the pleadings and transcript filed by the Secretary as required by 42 USC 405(g). The Court is obligated to determine whether there is substantial evidence in the record to support the Secretary's decision. Weakley v. Heckler, 795 F2d 64 (10th Cir. 1986); Cage v. Califano, 638 F.2d 219 (10th Cir. 1981); Tillery v. Schweiker, 712 F.2d 601 (10th Cir. 1983). Substantial evidence is more than a scintilla, but less than a preponderance; it is such evidence that a reasonable mind might accept to support the conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971). The Court, in this review, has the power to affirm, modify or reverse the Secretary's decision with or without remand for a rehearing.

NATURE OF APPEAL - Court review of denial of claim for disability under Article 2. Plaintiff is insured through 9-30-90. Therefore, Plaintiff must prove that she was disabled on or before 9-30-90.

Page Two
Case No. CIV-94-048-S

CHRONOLOGY OF CASE

1.   7-13-87 Plaintiff's initial Application for
     Disability (Tr. 68-71)

2.   8-19-92 Administrative Denial of Plaintiff's Claim
     (Tr. 74-76)

3.   8-19-92 Denial of Application for Reconsideration
     on Disability (Tr. 74-76)

4.   10-22-92 Denial of Application for Reconsideration
     on SSI (Tr. 79-81)

5.   4-12-93 Hearing Before Administrative Law Judge
     (Tr. 26-67)

6.   5-20-93 Unfavorable Decision by Administrative Law
     Judge (Tr. 10-20)

7.   11-19-93 Order of Appeals Council Denying Review
     (Tr.   3-4)

8.   Complaint filed with this Court 1-21-94

DISCUSSION AND ANALYSIS - Plaintiff, Mary E. Fennell, SSN
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, was born on 7-14-44 and had obtained a 5th grade
education (Tr. 68-71).  Plaintiff in her Vocational Report of
6-30-92 (Tr. 87-96) in her past job history had done private
nursing care; been a sanitation worker with the City of
Tulsa; manufacturing worker making floor mats; glass manufac-
turing company; packing company and had worked at a nursing
home and that some of these jobs entailed lifting from 20 to
over 100 pounds.  Plaintiff alleged she was injured on or
about 7-13-87 as a result of lifting a nursing care patient
and had bad back with several surgeries, neck disc hernia-
tion, muscle spasms and suffered debilitating pain which

Page Three
Case No. CIV-94-048-S

caused her to be disabled (Tr. 97-104).

At the administrative hearing of 4-12-93 before
Administrative Law Judge James D. Jordan in Muskogee,
Oklahoma, the testimony of Plaintiff indicated she was 5'7"
and weighed 230 pounds.  Her primary area of complaint was
severe pain and back, arms and shoulders as well as her neck.
Plaintiff used a crutch to help her walk.

As to her activities, Plaintiff indicated that she had
driven to the hearing that date and did drive and had been on
trips with her husband including one to San Antonio; she had
had two surgeries in Tulsa in 1990 on discs in her neck and
that she visited at her sister's as well as her nephews, did
grocery shopping and went to church irregularly and accom-
panied her husband on fishing trips occasionally.  She
further indicated she helped make the bed, folded clothes,
washes dishes and did some sewing and crocheting.

The medical evidence in this case shows that Plaintiff
was examined by Dr. Sabrina Prewett on 11-28-87 and found
Plaintiff to have some palpable pain in the gluteal areas and
over the sacral areas.  Distal neurovascular function was
found to be grossly intact and Babinski tests were negative
bilaterally.  Dr. Prewett found Plaintiff's Achilles tendon
reflex to be equal bilaterally and Plaintiff was discharged
with a prescription for Flexeril and Motrin with instructions
to use warm moist heat (Tr. 128-130).  Dr. G. Bruce Carrico's

Page Four
Case No. CIV-94-048-S

examination of Plaintiff on 4-18-90 shows diffuse muscular
tenderness of the spine and her motor and sensory functions
were also normal and Plaintiff was given the same medication
and advised to use same treatment as preceding physician
prescribed in 1987 (Tr. 139).

Dr. John Vosburgh, in May of 1990, found Plaintiff to
full range of motion of her neck, lower back and left
shoulder and a subsequent mylogram showed she had a hernia-
ted disc in her back and a protruded disc in her neck (Tr.
148-149).  The Plaintiff's primary treating physician, Dr.
David Hicks, first examined Plaintiff on 7-2-90 and subse-
quent surgery for correction purposes was performed.  She was
found to be doing well post-operatively (Tr. 169).  A review
of Dr. Hicks' patient notes covering the period from 7-2-90
through 7-13-92 recommended she undergo job re-training and
rehabilitation which indicates a belief she is able to return
to work (Tr. 181).  The Court notes that for more than a two
and one-half year period Plaintiff received no medical treat-
ment for any neck, back or pain complaints and there is
nothing in the medical record to show that any physician had
ever determined Plaintiff's condition prior to 9-30-90 was
so severe as to keep her from being gainfully employed.  The
Administrative Law Judge (ALJ) applied the five step
sequential evaluation process as set forth by 20 C.F.R. Sec.
404.1520, 416.920 and found the Plaintiff had not been

Page Five
Case No. CIV-94-048-S

engaged in any gainful activity since the date of her alleged
injury on 7-13-87, found she had a severe impairment as to
Step 2, found that Plaintiff did not have a listed impairment
as to Step 3 and at Step 4 found Plaintiff could perform her
past work as a machine tender as well as related other work
as testified to by the Vocational Expert and was therefore
not disabled.  The ALJ fully developed Plaintiff's allega-
tions of pain in accordance with the guidelines as set forth
in Luna v. Bowen, 834 F.2d 161, 165 (10th Cir. 1987) includ-
ing Plaintiff's daily activities which included walking,
driving, church attendance, visiting relatives, sewing and
occasional fishing as well as certain household activities.
The ALJ further noted that Plaintiff did use a crutch to help
her walk although the transcript shows there being no pre-
scription for such usage.  Plaintiff has the burden in estab-
lishing her claim based upon disabling pain and without ex-
plicit confirmation of treating physician which is not con-
tained herein, may be difficult.  Nonetheless the Plaintiff
is entitled to have his non-medical objective and subjective
testimony of pain evaluated by the ALJ and weighed along side
the medical evidence Hutson v.  Bowen, 838 F.2d 1125, 1131
(10th Cir. 1988).  The ALJ, in determining Plaintiff's
evidence as to pain, shall consider medical evidence, Plain=
tiff's responses to questions regarding daily activities,
appearance and demeanor at hearing and determine credibility

Page Six
Case No. CIV-94-048-S


where there is a discrepancy between Plaintiff's testimony at hearing as to daily routine as between that set forth in Plaintiff's application Hamilton v. Secretary of Health & Human Services, 961 F.2d 1495, 1499 (10th Cir. 1992). In this case, the ALJ found Plaintiff's testimony to not be credible and overstated. Credibility is within the province of the ALJ who shall determine credibility based on the evidence as a whole Hamilton v. Secretary of Health & Human Services, No. 91-3160, 1992 WL 76501 * 3 (10th Cir. April 17, 1992); Gatson v. Bowen, 838 F.2d 442, 447 (10th Cir.) CONCLUSION - Therefore, the Magistrate Judge finds there is substantial evidence to support the Secretary's finding that Plaintiff is not disabled within the meaning of the Social Security Act. 42 U.S.C. Sec. 423(d)(5). Accordingly, it is recommended that the Decision of the ALJ, which is the final decision of the Secretary, should be affirmed. Parties are herewith given 10 days from the date of this service to file with the Clerk of the Court any objections, with support brief. Failure to object to the Findings and Recommendation within ten (10) days will preclude appellate review of the judgment of the district court based on such findings. 28 U.S.C. Sec. 636(b)(1), Federal Rules of Civil Procedure 72, 6(a) and 6(3), and Local Rule 32(d).

Page Seven
Case No. CIV-94-048-S


DATED this 20th day of December, 1994.

RICHARD P. CORNISH
UNITED STATES MAGISTRATE JUDGE